The Attorney General is in receipt of former Director Benton's request wherein he asked the following question relating to 57 O.S. 510 [57-510] and 57 O.S. 528 [57-528] (1978) concerning the new qualifications required of correctional officers and the minimum salary schedules: "Does the phrase in 57 O.S. 510 [57-510](2), (as amended by Section 2, paragraph 2 of Senate Bill No. 138, 1979), "except for those employed on the effective date of this act," establish an exception for the sole purpose of allowing correctional officers to remain employed without meeting the new qualifications, or does it also allow them to receive the minimum salary provided in 57 O.S. 528 [57-528] (as amended by Section 3 of Senate Bill No. 138, 1979) without meeting the statutory requirements?" Title 57 O.S. 510 [57-510] (1978) as amended, Laws 1979, c. 246, sets forth the requirements of correctional officers hired after the effective date of the Act. The pertinent portion of 57 O.S. 510 [57-510](2), as amended, reads as follows: "The Director shall have the following specific powers and duties relating to the penal institutions: "2. To fix the duties of such Wardens and superintendents and to appoint and fix the duties and compensation of such other personnel for each institution as may be necessary for the proper operation thereof, and in the case of correctional officers and guards, subject to the following qualifications, except for those employed on the effective date of this act." (Emphasis added). Therefore, 57 O.S. 510 [57-510], as amended, does not prevent the continued employment of correctional officers and guards who do not meet the new qualifications. Title 57 O.S. 528 [57-528] (1978) gives the Director authority to fix the salary of department employees with one exception. The pertinent portion of 57 O.S. 528 [57-528], as amended, Laws 1979, c. 246, reads: "The minimum salary for correctional officers and guards, who have completed qualifications as set forth in 57 O.S. 510 [57-510] of this title, shall be Ten Thousand Five Hundred Dollars ($10,500.00) per annum, payable monthly, exclusive of longevity pay that is authorized by law." (Emphasis added). It is apparent from the aforementioned statute that the legislative intent was revealed in the wording "who have completed qualifications as set forth in 57 O.S. 510 [57-510] of this title." This clearly shows that only those correctional officers or guards who meet these qualifications are entitled to be paid according to the salary schedule set out in 57 O.S. 528 [57-528]. It is, therefore, the official opinion of the Attorney General that presently employed correctional officers or guards who do not possess the qualifications set forth in 57 O.S. 510 [57-510](2) (1978), as amended, Laws 1979, c. 246, may, nonetheless, continue their employment but must be paid according to existing salary schedules and not pursuant to 57 O.S. 528 [57-528] (1978), as amended, Laws 1979, c. 246. (JOHN F. FISCHER) (ksg)